

# UNITED STATES DISTRICT COURT

# DISTRICT OF SOUTH CAROLINA

# COLUMBIA DIVISION

JUSTEN ABNEY,
Plaintiff,

v.

TRANS UNION LLC,
EQUIFAX INFORMATION SERVICES LLC, and
EXPERIAN INFORMATION SOLUTIONS, INC.,
Defendants.


CIVIL ACTION NO.: _____

## COMPLAINT AND JURY DEMAND

Plaintiff Justen Abney ("Plaintiff"), proceeding **pro se**, brings this action against Defendants Trans Union LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc. (collectively, "Defendants" or "Credit Bureaus") for violations of the **Fair Credit Reporting Act**, 15 U.S.C. § 1681 *et seq.*, and alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to **28 U.S.C. § 1331** because this action arises under the laws of the United States, specifically the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*).

2. This Court has jurisdiction pursuant to **15 U.S.C. § 1681p**.

3. Venue is proper in this District pursuant to **28 U.S.C. § 1391(b)** because Plaintiff resides in this District and the acts and omissions giving rise to the claims occurred within this District.

## II. PARTIES

1. Plaintiff Justen Abney is a natural person and resident of **Batesburg-Leesville, Lexington County, South Carolina**.

2. Defendant **Trans Union LLC** is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), with its principal place of business in Chicago, Illinois.

3. Defendant **Equifax Information Services LLC** is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), with its principal place of business in Atlanta, Georgia.

4. Defendant **Experian Information Solutions, Inc.** is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f), with its principal place of business in Costa Mesa, California.

## III. FACTUAL ALLEGATIONS

1. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

2. Defendants are "consumer reporting agencies" within the meaning of 15 U.S.C. § 1681a(f).

3. Beginning in or about **May 2025**, Plaintiff formally disputed multiple inaccurate and unlawfully reported accounts appearing on his consumer credit reports with Defendants. Plaintiff submitted written disputes identifying specific factual inaccuracies, including but not limited to inaccurate late payment dates, inaccurate and inconsistent dates of first delinquency ("DOFD"), and the unlawful reporting of negative information without proper notice. Each Defendant received actual notice of these disputes and was obligated under the FCRA to conduct a reasonable reinvestigation and to delete or correct any information that could not be verified as accurate.

### A. Trans Union Reporting

1. Defendant Trans Union reported the following accounts on Plaintiff's credit report:

2. **OneMain Financial**

3. **Heights Finance**

4. Plaintiff disputed these accounts on the grounds that: a. Late payment dates were inaccurate and inconsistent; b. Negative information was reported without proper notice as required by law; c. The reporting failed to reflect accurate dates of first delinquency.

5. Despite Plaintiff's disputes, Trans Union failed to delete or correct the inaccurate information, continued reporting the accounts as verified, and failed to provide Plaintiff with a description of the procedures used to determine the accuracy and completeness of the disputed information. Trans Union's conduct demonstrates a reinvestigation that was perfunctory, unreasonable, and designed to simply parrot furnisher data rather than independently verify accuracy as required by law.

### B. Equifax Reporting

1. Defendant Equifax reported the following accounts on Plaintiff's credit report:

2. **OneMain Financial**

3. **Lenders Loans**

4. Plaintiff disputed these accounts beginning in May 2025 due to inaccurate late payment reporting and failure to comply with the negative information notice requirements under the FCRA.

5. Equifax failed to conduct a reasonable reinvestigation, relied on automated or superficial verification methods, and continued to report the inaccurate information despite the existence of objective inaccuracies and inconsistencies that should have resulted in deletion or correction.

## C. Experian Reporting

1. Defendant Experian reported the following account on Plaintiff's credit report:

2. **Heights Finance**

3. Plaintiff disputed the Heights Finance account on the basis of inaccurate late payment dates and unlawful negative reporting.

4. Experian failed to delete or correct the inaccurate information, failed to meaningfully investigate Plaintiff's dispute, and continued reporting the account as verified despite inaccurate late payment dates and defective negative information reporting.

1. Defendants' reinvestigations were not reasonable as required by 15 U.S.C. § 1681i(a).

2. Defendants failed to maintain reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information in violation of 15 U.S.C. § 1681e(b).

3. Defendants continued to publish and disseminate inaccurate credit information after receiving notice of the disputes, failed to ensure maximum possible accuracy, and failed to properly flag or resolve disputed information, thereby causing continuing harm with each republication of Plaintiff's credit reports.

4. As a direct and proximate result of Defendants' actions, Plaintiff suffered actual damages including, but not limited to, credit denials, reduced creditworthiness, loss of credit opportunities, increased borrowing costs, damage to reputation, emotional distress, stress, anxiety, frustration, and the expenditure of time and resources attempting to correct Defendants' errors.

## IV. CAUSES OF ACTION

### COUNT I

**Violation of 15 U.S.C. § 1681e(b)**
(Against All Defendants)

1. Plaintiff realleges paragraphs 1-23.

2. Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information reported.

3. Defendants reported inaccurate late payment information despite having notice of the inaccuracies.

### COUNT II

**Violation of 15 U.S.C. § 1681i(a)**
(Against All Defendants)

1. Plaintiff realleges paragraphs 1-26.

2. Defendants failed to conduct a reasonable reinvestigation after Plaintiff disputed the accuracy and legality of the reported information.

3. Defendants failed to delete or correct information that was inaccurate, incomplete, or could not be verified, and failed to comply with their statutory duties despite having actual notice of specific factual inaccuracies.

### COUNT III

**Willful Noncompliance – 15 U.S.C. § 1681n**
(Against All Defendants)

1. Plaintiff realleges paragraphs 1-29.

2. Defendants' violations were willful, knowing, and in reckless disregard of Plaintiff's rights under the FCRA, including a pattern and practice of relying on automated or superficial verification processes that ignore clear inaccuracies raised in consumer disputes.

4

## COUNT IV

**Negligent Noncompliance – 15 U.S.C. § 1681o**
(Against All Defendants)

1. Plaintiff realleges paragraphs 1–31.

2. In the alternative, Defendants negligently failed to comply with the FCRA.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Declare that Defendants violated the Fair Credit Reporting Act;

C. Order **injunctive and equitable relief** requiring Defendants to permanently delete the following accounts and any associated inaccurate late payment history from Plaintiff's consumer reports:

- OneMain Financial (Trans Union and Equifax)
- Heights Finance (Trans Union and Experian)
- Lenders Loans (Equifax)

D. Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1681n;

E. Award Plaintiff actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o;

F. Award punitive damages sufficient to punish and deter Defendants' willful misconduct;

G. Award Plaintiff costs of suit and any other relief the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Justen Abney*

**Justen Abney**
Plaintiff, Pro Se

5

201 camelot court
Batesburg-Leesville, South Carolina 29070
803-307-2447
justenabney1986@yahoo.com

Date: 1-24-26